UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| **Yukon Packaging, LLC,**<br><br>      Plaintiff,<br><br>vs.<br><br>**Jones Sustainable Packaging, LLC, d/b/a EcoFiber Packaging,**<br><br>      Defendant. | **VERIFIED COMPLAINT**<br><br>**(INJUNCTIVE RELIEF SOUGHT AND DEMAND FOR JURY TRIAL)** |

Plaintiff, Yukon Packaging, LLC ("Yukon" or "Plaintiff"), by and through undersigned counsel, for its Complaint against Defendant, Jones Sustainable Packaging, LLC d/b/a EcoFiber Packaging ("Jones" or "Defendant"), alleges the following:

## NATURE OF THE ACTION

1. Plaintiff brings this action alleging several causes of action relating to Defendant's unlawful sale and continued use of its 3-piece insulated containers used to ship temperature sensitive items (the "Accused Product") including:

    (a)    direct and indirect patent infringement of United States Patent No. 12,195,264 (**Exhibit 1**) pursuant to the Patent Act, 35 U.S.C. § 101, *et seq*;

    (b)    direct and indirect patent infringement of United States Patent No. 12,195,265 (**Exhibit 3**) pursuant to the Patent Act, 35 U.S.C. § 101, *et seq*;

    (c)    direct and indirect patent infringement of United States Design Patent No. 1,057,562 (**Exhibit 5**) pursuant to the Patent Act, 35 U.S.C. § 101, *et seq*;

1

## THE PARTIES

2. Plaintiff Yukon Packaging, LLC is a North Carolina limited liability company with its principal place of business at 122 Backstretch Lane, Mooresville, NC 28117.

3. Yukon is dedicated to creating innovative, unique new products for the shipping and logistics market, touching on a vast array of industries such as food and medical.

4. Yukon is a leader in providing insulated containers to various industries shipping temperature sensitive items. Yukon's products provide users with a dependable, durable product, specifically engineered and tailored to the market's demands.

5. Yukon's products are designed and assembled in the United States.

6. On information and belief, Defendant Jones Sustainable Packaging, LLC, is a limited liability company organized and existing under the laws of the Delaware, having an address at 3520 Westinghouse Blvd, Suite A, Charlotte, North Carolina 28273, United States.

7. On information and belief, Defendant manufacturers, markets, sells, and distributes the Accused Product from within this District to customers nationwide, including to customers in North Carolina and in this District.

## JURISDICTION AND VENUE

8. This action arises under the patent laws of the United States. 35 U.S.C §§ 101 *et seq*. Accordingly, this Court has exclusive subject matter jurisdiction over this case under 28 U.S.C. §§ 1331 and 1338(a) and (b).

9. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over all other claims asserted or that may be asserted that are so related to claims within the original jurisdiction of this action that they form part of the same case or controversy under Article III of the United States Constitution.

10. This Court has *in personam* jurisdiction over Defendant because Defendant has and continues to commit acts of infringement and induces acts of infringement by others in this District, thereby deriving substantial revenue from products and/or services provided to individuals and businesses in this District. Defendant also operates a physical place of business in this District relating to the Accused Product.

11. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because it is where a substantial part of the events giving rise to the claims occurred, including but not limited to Defendant's acts of infringement. Venue is proper under 28 U.S.C. § 1400 because Defendant has committed acts of infringement in this District (e.g., selling the Accused Product) and has a regular and established place of business in this District (i.e., at 3520 Westinghouse Blvd, Suite A, Charlotte, North Carolina).

## FACTUAL BACKGROUND AND GENERAL ALLEGATIONS

### *The '264 Patent*

12. Yukon, as owner of U.S Patent No. 12,195,264 (the "'264 Patent"), holds all title to and interest in the '264 Patent entitled "Insulated Container," which issued on January 14, 2025. **Exhibit 1**.

13. Yukon, has standing to sue for infringement—including past infringement— of the '264 Patent.

14. The '264 Patent has one named inventor, David Vance. Mr. Vance invented a new and useful means of insulating temperature sensitive items for shipping, and filed a United States application, Application No. 18/455,195, (hereinafter the "'195 Application") directed thereto.

15. The '264 Patent generally relates to an insulated container, comprising 3 insulated pads made from post-industrial, pre-consumer natural or synthetic waste fiber.

16. The '264 Patent describes various needs in the prior art including but not limited to: (1) the need in the art for an insulated container capable of shipping temperature sensitive items; (2) the need in the art for an insulated container that was capable of being specially tailored for the particular temperature sensitive item being shipped; (3) the need in the art for an insulated container made from post-industrial, pre-consumer materials to better recycle industrial waste; and (4) the need in the art for an insulated container that is able to be mass produced and is both inexpensive and effective.

17. The Patent Office issued the '264 Patent as shown in **Exhibit 1**, with twenty-six (26) claims.

18. Exemplary Independent Claim 1 of the '264 Patent is directed to:

An insulated container comprising:
    a rigid container having a bottom, front, rear, left, and right sides, and a selectively closable top side wherein the bottom and top sides have a same length and width as one another, wherein the left and right sides have a same height and width as one another, and wherein the front and rear sides have a same height and width as one another;
    a first insulated pad having a predetermined thickness and density, having a length and a width, and having a perimeter calculated by adding the length and the width and multiplying by two;
    a second insulated pad identical to the first insulated pad; and
    a third insulated pad having the same thickness and density as the first insulated pad, and having a length that is longer than the width of the first insulated pad but is shorter than the perimeter of the first insulated pad;
    wherein the first insulated pad is positioned inside the rigid container in contact with the bottom of the rigid container, wherein the third insulated pad is positioned perpendicular to the first insulated pad and is in contact with the front, rear, left, and right sides of the rigid container, and wherein the second insulated pad is positioned atop the third insulated pad, and
    wherein the first insulated pad comprises a quantity of recycled post-industrial, pre-consumer natural fiber, and synthetic fiber.

19. The prosecution history for the '264 Patent is attached hereto as **Exhibit 2**.

20. The '264 Patent is valid and enforceable.

21. The validity of the '264 Patent has never been challenged.

## The '265 Patent

22. Yukon, as owner of U.S Patent No. 12,195,265 (the "'265 Patent"), holds all title to and interest in the '265 Patent entitled "Method of Forming an Insulated Container," which issued on January 14, 2025. **Exhibit 3**.

23. Yukon has standing to sue for infringement—including past infringement— of the '265 Patent.

24. The '265 Patent has one named inventor, David Vance. Mr. Vance invented a new and useful means of insulating temperature sensitive items for shipping, and filed a United States application, Application No. 18/754,672, (hereinafter the "'672 Application") directed thereto.

25. The '265 Patent generally relates to a method of forming an insulated container.

26. The '265 Patent describes various needs in the prior art including but not limited to: (1) the need in the art for a method of creating insulated container capable of shipping temperature sensitive items; (2) the need in the art for a method to create specialized insulated containers that is capable of being made-to-order based on the specific customer's needs; (3) the need in the art for a method of creating an insulated container that is easy to produce and recycles industrial waste, specifically post-industrial, pre-consumer materials ; and (4) the need in the art for a method of creating an insulated container that is recyclable and/or biodegradable to avoid unnecessary waste and pollution.

27. The Patent Office issued the '265 Patent as shown in **Exhibit 3**, with twenty-four (24) claims.

28. Exemplary Independent Claim 1 of the '265 Patent is directed to:

A method of forming an insulated container comprising the steps of:
    providing a rigid container having a bottom, front, rear, left, and right sides, and a selectively closable top side wherein the bottom and top sides have the same length and width as one another, wherein the left and right sides have the same height and width as one another, and wherein the front and rear sides have the same height and width as one another;

5

providing a quantity of post-industrial, pre-consumer cotton or synthetic waste fiber;

providing a processing machine, selected from the group consisting of carding, airlay, and needle punch, configured to process post-industrial, pre-consumer cotton or synthetic waste fiber into a continuous non-woven sheet having predetermined width, thickness, and density;

providing a blade configured to crosscut the continuous sheet at predetermined intervals thereby forming insulated pads each time the blade crosscuts the continuous sheet, wherein each of the insulated pads has a top surface, a bottom surface, and four edge surfaces;

feeding the post-industrial, pre-consumer cotton or synthetic waste fiber into the processing machine;

cutting the continuous sheet as the continuous sheet exits the processing machine with the blade to form a first insulated pad, a second insulated pad, and a third insulated pad, wherein the first and second insulated pads have identical lengths and identical widths, and the third insulated pad has a length that is longer than the length of the first insulated pad but shorter than a perimeter of the first insulated pad where the perimeter of the first insulated pad is calculated by adding the length and the width of the first insulated pad and multiplying by two;

placing the first insulated pad into the rigid container such that the bottom surface of the first insulated pad rests on the bottom side of the container;

placing the third insulated pad into the rigid container and folding the third insulated pad along three parallel fold lines such that the bottom surface of the third insulated pad contacts the front, rear, left, and right sides of the rigid container and the top surface of the third insulated pad faces an interior of the insulated container, and such that a bottom edge of the third insulated pad rests on the top surface of the first insulated pad; and

placing the second insulated pad into the rigid container such that the top surface of the second insulated pad rests on and is supported by the top edge of the third insulated pad, wherein collectively the first, second, and third insulated pads form an insulated enclosure within the rigid container;

wherein each one of the respective first, second, and third insulated pads are biodegradable in an anaerobic environment or recyclable.

29. The prosecution history for the '265 Patent is attached hereto as **Exhibit 4**.

30. The '265 Patent is valid and enforceable.

31. The validity of the '265 Patent has never been challenged.

### *The '562 Design Patent*

32. Yukon, as owner of U.S Patent No. D1,057,562 (the "'562 Design Patent"), holds all title to and interest in the '562 Design Patent entitled "Insulation for a Rigid Container," which issued on January 14, 2025. **Exhibit 5**.

33. Yukon has the right to sue for infringement, including past infringement, of the '562 Design Patent.

34. The '562 Design Patent issued from Application No. 29/957,368.

35. The '562 Design Patent is presumed valid and enforceable.

36. The validity of the '562 Design Patent has never been challenged.

37. The prosecution history for the '562 Design Patent is attached hereto as **Exhibit 6**.

38. The '562 Design Patent claims "the ornamental design for insulation for a rigid container" as shown below:



*Yukon's Flagship Cold-Chain Insulated Container*

39. Yukon makes, offers to sell, and sells an insulated container that practices each of the Patents-in-Suit (hereinafter the "Yukon 3-Piece Design").

40. Yukon makes and sells its 3-Piece Design in varying sizes, dimensions, dependent on the customer's specific needs, including the thickness and density of the insulated pads.

41. The success of Yukon's 3-Piece Design is based, in part, on its patented technology.

*Significant Investment in Yukon's Patents*

42. Yukon's 3-Piece Design has always been the company's flagship product, accounting for approximately 95% of its revenue. Since its inception, Yukon has earned a reputation as the leading company in the industry for insulated containers

43. Yukon has invested heavily in research and development relating to its insulated containers, diligently working to innovate and improve its designs. Yukon is motivated in large part to make these investments based on the benefits offered by the patent system—meaning that Yukon expects to be able to exclude others from practicing the Patents-in-Suit in order to recoup the resources spent innovating and also to justify further investment.

## DEFENDANT'S INFRINGING CONDUCT

*The Accused Product Infringes the Patents-in-Suit*

44. Defendant makes, uses, sells, and offers to sell the Accused Product. https://jonesfamilyco.com/insulations. **Exhibit 10**.

45. On information and belief, the reference below to "EcoFiber Packaging" is in fact a reference to Defendant's products and services:

> If your needs include turnkey sustainable packaging, our insulations are available converted, encapsulated and kitted from EcoFiber Packaging.

**Exhibit 10**.

46. In describing the various applications of the Accused Product on Defendant's website, Defendant nearly mirrors Yukon's recognition of the need in the prior art relating to the two utility Patents-in-Suit:

> **Sustainable Cold Chain Solutions**
>
> EcoFiber Packaging delivers proven, prequalified solutions for the food and pharmaceutical industries, ensuring temperature-sensitive goods stay fresh with minimal environmental impact. With decades of experience, our best-in-class manufacturing process guarantees top-quality products.

**Exhibit 11**.

47. As demonstrated by the claim charts attached hereto as **Exhibit 7**, **Exhibit 8**, and **Exhibit 9**, the Accused Product infringes each of the Patents-in-Suit.

48. Defendant has infringed and continues to infringe the claims of the Patents-in-Suit by selling, and/or offering to sell the Accused Product in the United States.

49. On information and belief, Defendant is aware of the Patents-in-Suit and has been since the day each of them issued on January 14, 2025 respectively.

50. Specifically, Defendant's predecessor (Eco Fiber, Inc.) has made representations indicating that it is closely following all patent filings related to Yukon Packaging, including those on which Mr. David Vance is listed as inventor.

51. Thus, on information and belief, Defendant was notified the moment that the issuance of the Patents-in-Suit became public knowledge.

*Irreparable Harm to Yukon*

52. Defendant's conduct has already caused irreparable harm to Yukon and will continue to cause further irreparable harm unless Defendant is enjoined from further acts of infringement.

53. In light of the exclusivity afforded to it by virtue of its patented technology, including the Patents-in-Suit, Yukon's 3-Piece Design has faced little to no competition in the market, allowing Yukon to focus its attention on improving other features of its business such as

9

ramping up its research and development efforts with a goal to accelerate the launch of future iterations of its products, as well as procurement, customer service, marketing, and expansion.

54. The recent disruption caused by the unlawful market entry and participation of Defendant threatens to cause an unquantifiable and irreversible amount of harm to Yukon's market share, cause irreversible price erosion and loss of business opportunities, as well as have a detrimental and incalculable impact on Yukon's ability to invest and innovate further.

55. Under the patent system, Yukon is entitled to exclusivity through the life of the Patents-in-Suit whereas its business plan is predicated on this exclusivity.

56. There is no commercially available non-infringing alternative to the Accused Product.

### **COUNT I – DIRECT PATENT INFRINGEMENT OF U.S. PATENT NO. 12,195,264**
(35. U.S.C. § 271(a))

57. Plaintiff incorporates and realleges paragraphs 1 through 56 of this Complaint.

58. Defendant has infringed and continues to directly infringe upon one or more claims of the '264 Patent, either literally or under the Doctrine of Equivalents, by making, using, selling and/or offering to sell the Accused Product within the United States in violation of 35 U.S.C. § 271(a). *See* **Exhibit 7**.

59. Upon information and belief, Defendant has gained revenues by virtue of its infringement of the '264 Patent.

60. Plaintiff has sustained damages as a direct and proximate result of Defendant's infringement.

61. Plaintiff will suffer, and is suffering, irreparable harm from Defendant's infringement of the '264 Patent.

10

Case 5:25-cv-00007-KDB-DCK    Document 1    Filed 01/14/25    Page 10 of 20

62. Plaintiff has no adequate remedy at law and is entitled to an injunction against Defendant's continuing infringement of the '264 Patent.

63. Defendant's infringement of the '264 Patent renders this case exceptional within the meaning of 35 U.S.C. § 285.

64. Defendant's infringement is willful under 35 U.S.C. § 284 considering Defendant's intent to infringe and its actual infringement despite having the requisite knowledge of the '264 Patent and knowledge that its conduct likely constitutes infringement, in complete and reckless disregard of Yukon's patent rights.

### **COUNT II – INDIRECT PATENT INFRINGEMENT OF U.S. PATENT NO. 12,195,264**
(35. U.S.C. § 271(b))

65. Plaintiff incorporates and realleges paragraphs 1 through 64 of this Complaint.

66. Defendant has indirectly infringed and continues to indirectly infringe upon one or more claims of the '264 Patent by actively inducing others to practice the '264 Patent, including but not limited to, intentionally instructing downstream customers and end-users to practice the '264 Patent by using the Accused Product as intended or selling the Accused Product. Defendant's infringing activities violate 35 U.S.C. § 271(b), either literally or else under the doctrine of equivalents. *See* **Exhibit 7**.

67. Plaintiff has sustained damages as a direct and proximate result of Defendant's indirect infringement of the '264 Patent.

68. Plaintiff will suffer and is suffering irreparable harm from Defendant's continued indirect infringement of the '264 Patent. Moreover, Plaintiff has no adequate remedy at law and is entitled to an injunction against Defendant's continuing infringement of the '264 Patent.

69. Defendant's indirect infringement of the '264 Patent renders this case exceptional within the meaning of 35 U.S.C. § 285.

70. Defendant's infringement is willful under 35 U.S.C. § 284 considering Defendant's intent to infringe and its actual infringement despite having the requisite knowledge of the '264 Patent and knowledge that its conduct likely constitutes infringement, in complete and reckless disregard of Yukon's patent rights.

## COUNT III – DIRECT PATENT INFRINGEMENT OF U.S. PATENT NO. 12,195,265
(35. U.S.C. § 271(a))

71. Plaintiff incorporates and realleges paragraphs 1 through 70 of this Complaint.

72. Defendant has infringed and continues to directly infringe upon one or more claims of the '265 Patent, either literally or under the Doctrine of Equivalents, by practicing the patented method in forming the Accused Product within the United States in violation of 35 U.S.C. § 271(a). *See* **Exhibit 8**.

73. Additionally, Defendant has infringed and continues to infringe one or more claims of the '265 Patent, either literally or under the Doctrine of Equivalents, by selling and offering to sell the Accused Product, which is an article made by a patented method, in violation of 35 U.S.C. § 271(g).

74. Plaintiff has sustained damages as a direct and proximate result of Defendant's infringement.

75. Plaintiff will suffer, and is suffering, irreparable harm from Defendant's infringement of the '265 Patent.

76. Plaintiff has no adequate remedy at law and is entitled to an injunction against Defendant's continuing infringement of the '265 Patent.

77. Defendant's infringement of the '265 Patent renders this case exceptional within the meaning of 35 U.S.C. § 285.

78. Defendant's infringement is willful under 35 U.S.C. § 284 considering Defendant's intent to infringe and its actual infringement despite having the requisite knowledge of the '265 Patent and knowledge that its conduct likely constitutes infringement, in complete and reckless disregard of Yukon's patent rights.

## COUNT IV – INDIRECT PATENT INFRINGEMENT OF U.S. PATENT NO. 12,195,265
(35. U.S.C. § 271(b))

79. Plaintiff incorporates and realleges paragraphs 1 through 78 of this Complaint.

80. Defendant has indirectly infringed and continues to indirectly infringe one or more claims of the '265 Patent by actively inducing others to practice the '265 Patent, including but not limited to inducing its customers and end-users to practice the claims method steps in violation of 35 U.S.C. § 271(b), as well as inducing its end-users and customers to make, use, sell, offer to sell, and/or use the Accused Product, wherein the Accused Product is made by a process patented in the United States, in violation of 35 U.S.C. § 271(g), either literally or else under the doctrine of equivalents. *See* **Exhibit 8**.

81. Plaintiff has sustained damages as a direct and proximate result of Defendant's indirect infringement of the '265 Patent.

82. Plaintiff will suffer and is suffering irreparable harm from Defendant's continued indirect infringement of the '265 Patent.

83. Plaintiff has no adequate remedy at law and is entitled to an injunction against Defendant's continuing infringement of the '265 Patent.

84. Defendant's indirect infringement of the '265 Patent renders this case exceptional within the meaning of 35 U.S.C. § 285.

85. Defendant's infringement is willful under 35 U.S.C. § 284 considering Defendant's intent to infringe and its actual infringement despite having the requisite knowledge of the '265 Patent and knowledge that its conduct likely constitutes infringement, in complete and reckless disregard of Yukon's patent rights.

### COUNT V – DIRECT INFRINGEMENT OF U.S. DESIGN PATENT NO. D1,057,562

86. Plaintiff incorporates and realleges paragraphs 1 through 85 of this Complaint.

87. Defendant is and has been directly infringing the '562 Design Patent by making, using, selling, and/or offering to sell the Accused Product, either literally or else under the doctrine of equivalents. *See* **Exhibit 9**.

88. As a direct result of Defendant's infringement of the '562 Design Patent, Yukon has suffered irreparable harm. If Defendant's infringement is not enjoined, Yukon will continue to suffer irreparable harm as well as monetary damages.

89. Defendant's infringement of the '562 Design Patent renders this case exceptional within the meaning of 35 U.S.C. § 285.

90. Defendant's infringement is willful under 35 U.S.C. § 284 considering Defendant's intent to infringe and its actual infringement despite having the requisite knowledge of the '562 Design Patent and knowledge that its conduct likely constitutes infringement, in complete and reckless disregard of Yukon's patent rights.

91. In addition to other damages, Yukon is entitled, pursuant to 35 U.S.C. § 289, to recover Defendant's total profits received from its acts of infringement.

### COUNT VI – INDIRECT INFRINGEMENT OF U.S. DESIGN PATENT NO. D1,057,562

92. Plaintiff incorporates and realleges paragraphs 1 through 91 of this Complaint

93. Defendant is and has been directly infringing the '562 Design Patent by inducing others, including its downstream customers and end-users, to sell, offer to sell, and/or use the Accused Product, either literally or else under the doctrine of equivalents. *See* **Exhibit 9**.

94. As a direct result of Defendant's indirect infringement of the '562 Design Patent, Yukon has suffered irreparable harm. If Defendant's infringement is not enjoined, Yukon will continue to suffer irreparable harm as well as monetary damages.

95. Defendant's infringement of the '562 Design Patent renders this case exceptional within the meaning of 35 U.S.C. § 285.

96. Defendant's infringement is willful under 35 U.S.C. § 284 considering Defendant's intent to infringe and its actual infringement despite having the requisite knowledge of the '562 Design Patent and knowledge that its conduct likely constitutes infringement, in complete and reckless disregard of Yukon's patent rights.

97. In addition to other damages, Yukon is entitled, pursuant to 35 U.S.C. § 289, to recover Defendant's total profits received from its acts of infringement.

## PRAYER FOR RELIEF

1. <u>As it Relates to the '264 Patent:</u>

    a. A judgment that the '264 Patent is valid and enforceable;

    b. A judgment that Defendant has directly infringed and induced infringement of one or more claims of the '264 Patent;

    c. This Court temporarily restrain, preliminarily and permanently enjoin Defendant, its officers, directors, agents, servants, employees, affiliates, attorneys, all others acting in privity or in concert with them, and their parents, subsidiaries,

divisions, successors, and assigns from further acts of infringement of the '264 Patent;

d.    A judgment awarding Plaintiff all damages adequate to compensate Plaintiff for Defendant's infringement of the '264 Patent, and in no event, less than a reasonable royalty, including all pre-judgment and post-judgment interest at the maximum interest rate permitted by law;

e.    A judgment awarding Plaintiff all provisional rights damages in the form of a reasonable royalty pursuant to 35 U.S.C. §154 (d);

f.    A judgment awarding Plaintiff all damages, including treble damages, based on any infringement found to be willful, pursuant to 35 U.S.C. § 284, in addition to pre-judgment interest;

g.    Actual damages suffered by Plaintiff as a result of Defendant's unlawful conduct, in an amount to be proven at trial, in addition to pre-judgment interest as authorized by law;

h.    A judgment that this is an exceptional case and an award to Plaintiff of its costs and reasonable attorneys' fees incurred in this action, as provided by 35 U.S.C. § 285; and

i.    Any further relief this Court deems to be just and proper under the circumstances.

2. <u>As it Relates to the '265 Patent:</u>

a.    A judgment that the '265 Patent is valid and enforceable;

b.    A judgment that Defendant has directly infringed and induced infringement of one or more claims of the '265 Patent;

c. This Court temporarily restrain, preliminarily and permanently enjoin Defendant, its officers, directors, agents, servants, employees, affiliates, attorneys, all others acting in privity or in concert with them, and their parents, subsidiaries, divisions, successors, and assigns from further acts of infringement of the '265 Patent;

d. A judgment awarding Plaintiff all damages adequate to compensate Plaintiff for Defendant's infringement of the '265 Patent, and in no event, less than a reasonable royalty, including all pre-judgment and post-judgment interest at the maximum interest rate permitted by law;

e. A judgment awarding Plaintiff all damages, including treble damages, based on any infringement found to be willful, pursuant to 35 U.S.C. § 284, in addition to pre-judgment interest;

f. Actual damages suffered by Plaintiff as a result of Defendant's unlawful conduct, in an amount to be proven at trial, in addition to pre-judgment interest as authorized by law;

g. A judgment that this is an exceptional case and an award to Plaintiff of its costs and reasonable attorneys' fees incurred in this action, as provided by 35 U.S.C. § 285; and

h. Any further relief this Court deems to be just and proper under the circumstances.

3. <u>As it Relates to the '562 Design Patent:</u>

a. A judgment that the '562 Design Patent is valid and enforceable;

b. A judgment that Defendant has directly infringed and induced infringement of the '562 Design Patent;

c. This Court temporarily restrain, preliminarily and permanently enjoin Defendant, its officers, directors, agents, servants, employees, affiliates, attorneys, all others acting in privity or in concert with them, and their parents, subsidiaries, divisions, successors, and assigns from further acts of infringement of the '562 Design Patent;

d. A judgment awarding Plaintiff all damages adequate to compensate Plaintiff for Defendant's infringement of the '562 Design Patent, and in no event, less than a reasonable royalty, including all pre-judgment and post-judgment interest at the maximum interest rate permitted by law;

e. A judgment awarding Plaintiff all damages, including treble damages, based on any infringement found to be willful, pursuant to 35 U.S.C. § 284, in addition to pre-judgment interest;

f. Actual damages suffered by Plaintiff as a result of Defendant's unlawful conduct, in an amount to be proven at trial, in addition to pre-judgment interest as authorized by law;

g. Disgorgement of Defendant's total profits pursuant to 35 U.SC. § 289;

h. A judgment that this is an exceptional case and an award to Plaintiff of its costs and reasonable attorneys' fees incurred in this action, as provided by 35 U.S.C. § 285; and

i. Any further relief this Court deems to be just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands trial by jury on all issues raised by the Complaint.

## RESERVATION OF RIGHTS

Plaintiff reserves the right, upon further investigation and discovery, to assert such claims against Defendant and other responsible parties as may be just and appropriate under the circumstances.

This the 14th day of January, 2025.

Respectfully submitted,

*/s/ Samuel Alexander Long, Jr.*
Samuel Alexander Long, Jr. (N.C. Bar No. 46588)
Tom BenGera (N.C. Bar No. 57019)
Lucas D. Garber (N.C. Bar No. 47756)
SHUMAKER, LOOP, & KENDRICK, LLP
101 S Tryon Street, Suite 2200
Charlotte, NC 28280
Tel: 704-375-0057
Fax: 704-332-1197
Email: along@shumaker.com
       tbengera@shumaker.com
       lgarber@shumaker.com

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| Yukon Packaging, LLC,<br><br>  Plaintiff,<br><br>vs.<br><br>Jones Sustainable Packaging, LLC, d/b/a EcoFiber Packaging<br><br>  Defendant. | **VERIFICATION OF DAVID KEVIN VANCE** |

David Kevin Vance, Vice President of Sales and Business Development of Plaintiff Yukon Packaging, LLC, being first duly sworn, deposes and says: that he has read the foregoing Complaint and knows the contents thereof, that the same is true of his own knowledge except as to the matters therein stated on information and belief and, as to those matters, he believes them to be true.

_____
David Kevin Vance
Vice President of Sales and Business Development
Yukon Packaging, LLC

Sworn to and subscribed before me
this 13th day of January, 2025.

Notary Public _Ailean Meade_

My Commission Expires: September 27, 2027

[SEAL]

> **AILEAN MEADE**
> Notary Public
> Iredell Co., North Carolina
> My Commission Expires Sept. 27, 2027