IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CASE NO. 5:25-cv-00007

| | |
|---|---|
| **Yukon Packaging, LLC,**<br><br>  Plaintiff,<br><br>vs.<br><br>**Jones Sustainable Packaging, LLC, d/b/a EcoFiber Packaging**<br><br>  Defendant. | **MOTION FOR *EX PARTE* TEMPORARY RESTRAINING ORDER**<br><br>**(Jury Trial Demanded)** |

  Plaintiff, Yukon Packaging, LLC ("Yukon" or "Plaintiff") seeks a temporary restraining order against Defendant, Jones Sustainable Packaging, LLC, d/b/a EcoFiber Packing ("Jones" or "Defendant") to restrain Jones and its agents from continuing to sell and/or offering to sell 3-piece insulated containers used to ship temperature sensitive items (the "Accused Product"). Jones is directly and indirectly infringing Yukon's Patent Nos. 12,195,264; 12,195,265; and U.S. Design Patent No. 1,057,562 ("Yukon Patents").

  Yukon's Verified Complaint, the Memorandum in Support of this Motion, and the exhibits thereto—all of which are being filed contemporaneously with this Motion—provide substantial evidence to satisfy the necessary requirements for this Court to grant the requested TRO *ex parte*. The record clearly shows: (1) Yukon is likely to succeed on the merits; (2) Yukon will suffer irreparable harm absent relief; (3) the balance of the equities tips in Yukon's favor; and (4) a TRO is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Accordingly, Yukon seeks a Temporary Restraining Order that enjoins Jones, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or

1

participation with Jones from making, using, selling, offering to sell, importing and/or advertising any goods that infringe upon Yukon's Patents, including the Accused Product, or any confusingly similar products.

Pursuant to Rule 65(b) (1) (B) of the Federal Rules of Civil Procedure, counsel for Yukon is required to "certify[y] in writing [1] any efforts made to give notice and [2] the reasons why it should not be required." Accordingly, *first*, counsel for Yukon certifies it has not made efforts to notify Jones of its intention to file this Motion for Temporary Restraining Order because it seeks an *ex parte* TRO—that is, without notice. *Second*, counsel for Yukon certifies that notice should not be required because (1) all three of the patents only issued *today* and prior notice would have been speculative at best and (2) both Plaintiff and Defendant are currently both actively in the midst of negotiating price adjustments for the coming year with Veritiv Corporation, the largest customer for both Plaintiff and Defendant. *See* Declaration of David K. Vance at ¶ 36 (The relationship with Veritiv is structured such that pricing is discussed annually in January for the upcoming year and any change in pricing for the entire year must be submitted to Veritiv 60 days prior to April 1 which, this year, is January 31.). A mere *two weeks* exists between now and when prices are locked-in for the upcoming year. In view of the imminent and immediate irreparable harm impacting between now and January 31, the requested *ex parte* TRO should be entered to preserve the status quo until such time as this Court may "hold a hearing". *Granny Goose Foods, Inc. v. Bhd. of Teamsters and Auto Truck Drivers Loc. No. 70 of Alameda Cnty.*, 415 U.S. 423, 439 (1974).

Moreover, while counsel for Yukon has not yet provided notice to Jones of its intention to file this motion, counsel certifies that it will serve the Verified Complaint, Motion for a TRO, and Memorandum in Support of the Motion on Jones via regular first-class mail and by process server

at its "principal office" at 3520 Westinghouse Boulevard Suite A, Charlotte, NC 28273. Likewise, counsel certifies that it will provide courtesy copies to the attorneys representing Defendant's parent companies, Jones Fiber Products, LLC and Eco Fiber, Inc. including:

| Christopher P. Raab<br>Daniel McPherson Nunn<br>Caudle & Spears, PA<br>121 West Trade Street<br>Suite 2600<br>Charlotte, NC 28202 | Chad Dustin Tillman<br>James D. Wright<br>Tillman Wright, PLLC<br>3440 Torindgon Way<br>Suite 310<br>Charlotte, NC 28277 | William M. Butler<br>Moore & VanAllen<br>100 North Tryon St.<br>Suite 4700<br>Charlotte, NC 28202 |
|---|---|---|

Should the Court grant the motion for an order without notice and set a hearing, counsel will promptly provide notice of the hearing in the same manner. Counsel will provide notice of service on the docket to update the Court on these efforts.

WHEREFORE, Plaintiff respectfully requests that the Court enter an Order, without notice or hearing, temporarily restraining Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with Defendant from infringing Yukon's Patents until a hearing can be held.

This the 14th day of January, 2025.

    Respectfully submitted,

*/s/ Tom BenGera*
Samuel Alexander Long, Jr. (N.C. Bar No. 46588)
Tom BenGera (N.C. Bar No. 57019)
Lucas D. Garber (N.C. Bar No. 47756)
SHUMAKER, LOOP, & KENDRICK, LLP
101 S Tryon Street, Suite 2200
Charlotte, NC 28280
Tel: 704-375-0057
Fax: 704-332-1197
Email: along@shumaker.com
      tbengera@shumaker.com
      lgarber@shumaker.com

*Attorneys for Plaintiff*