IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:25-CV-00007-KDB-DCK

| | |
|---|---|
| YUKON PACKAGING, LLC,<br><br>Plaintiff,<br><br>v.<br><br>JONES SUSTAINABLE PACKAGING, LLC,<br><br>Defendant. | **ORDER** |

**THIS MATTER** is before the Court on Plaintiff's Motion for a Temporary Restraining Order ("TRO") (Doc. No. 7). Plaintiff Yukon Packaging, LLC ("Yukon") and Defendant Jones Sustainable Packaging, LLC ("Jones") are competitors in the market for insulated containers used to ship temperature-sensitive goods. In its Complaint, Yukon contends that Jones is infringing two utility patents and one design patent through its sale of a "3-piece insulated container" (the "Accused Product"). Doc. No. 1 at 1; Doc. Nos. 1-1, 1-3 and 1-5 (the Patents-in-Suit). In its proposed TRO, Yukon asks the Court to enjoin Jones from "making, using, selling, offering to sell, importing and/or advertising" the Accused Product. For the reasons discussed briefly below, the Court will DENY the motion because Yukon has failed to establish that it is entitled to a TRO without notice to Jones. *See* Federal Rule of Civil Procedure 65(b).

A TRO or preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief" and may never be awarded "as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22, 24, 32 (2008) (noting that even issuance of a permanent injunction after trial "is a matter of equitable discretion; it does not follow

1

from success on the merits as a matter of right."). The Fourth Circuit has similarly recognized that the grant of such a remedy involves "the exercise of a very far-reaching power, which is to be applied only in [the] limited circumstances which clearly demand it." *Centro Tepeyac v. Montgomery Cnty.*, 722 F.3d 184, 188 (4th Cir. 2013) (*en banc*).

To receive an injunction prior to a final decision on the merits, a plaintiff must establish that: (1) it is likely to succeed on the merits; (2) it is likely to suffer irreparable harm without the preliminary injunction; (3) the balance of equities tips in its favor; and (4) the injunction is in the public interest. *Winter*, 555 U.S. at 20; *Mountain Valley Pipeline, LLC v. Western Pocahontas Properties Limited Partnership*, 918 F.3d 353 (4th Cir. 2019); *League of Women Voters of N.C. v. North Carolina*, 769 F.3d 224, 236 (4th Cir. 2014). Each of these four requirements must be satisfied. *Id.*

Even accepting that Yukon is "likely" to succeed on the merits (a conclusion which the Court has not fully considered and does not here decide), Plaintiff has failed to establish "specific facts" which show that "immediate and irreparable injury ... will result to the movant before the adverse party can be heard in opposition." *See* Fed. R. Civ. Proc. 65(b)(1)(A). Yukon's Complaint and Memorandum in support of its Motion states that 1) these parties have been engaged in an ongoing dispute over their respective intellectual property and products for some time; 2) the Patents-in-Suit just issued on January 14, 2025 (so Jones' future commercial response to them is unknown); and 3) both Yukon and Jones are in the final stages of an annual sales pitch and pricing of their products to Yukon's largest customer, Veritiv Corporation. In such circumstances, fairness dictates that Jones be given notice of Yukon's claims and an opportunity to respond before the Court prohibits Jones from competing in the relevant market. Further, Yukon has proffered no evidence that the risks that normally support a TRO without notice (for example, that the defendant

2

Case 5:25-cv-00007-KDB-DCK   Document 15   Filed 01/15/25   Page 2 of 3

will take some action that make the relief requested impossible or spoil the evidence) are applicable here.

Accordingly, the TRO motion will be denied. However, the Court is sensitive to Yukon's expressed need to address these issues promptly in light of the approaching deadline for concluding important customer negotiations. Therefore, if Yukon files a motion for a preliminary injunction, it will be heard promptly after Jones has been served and given a brief opportunity to respond. (Indeed, Jones may also want to have the prospect of an injunction based on Yukon's newly issued patents resolved quickly).

## ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. Plaintiff's Motion for a Temporary Restraining Order (Doc. No. 7) is **DENIED;** and

2. If Yukon files a motion for a preliminary injunction it will be heard promptly after Jones has been served and given a brief opportunity to respond.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: January 15, 2025

Kenneth D. Bell
United States District Judge